UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICKIE STORM,<br><br>                    Plaintiff,<br><br>    v.<br><br>DAVID McCLUSKEY, et al.,<br><br>                    Defendants. | Case No. 1:19-cv-00214-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

       The Clerk of Court conditionally filed Plaintiff Rickie Storm's Complaint because he is an inmate and he requested in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff desires to proceed.

## PLAINTIFF'S MOTION FOR RECUSAL

       Plaintiff has filed a motion asking this Court to recuse itself from presiding over his case. A motion for recusal or disqualification of a judge must be timely and must show bias or prejudice. *See* 28 U.S.C. §§144, 455. The party seeking disqualification must file a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

§ 144. The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists" and must be made in good faith. *Id*.

Only after determining the legal sufficiency of a § 144 affidavit is a judge obligated to reassign the motion to another judge for a decision on the merits. *Toth v. Trans World Airlines, Inc*., 862 F.2d 1381, 1388 (9th Cir. 1988). Where the motion for disqualification asserts bias or prejudice, recusal or disqualification under § 144 and § 455 is required "only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Id*. at 1387-88 (internal citations omitted). Disagreements with the rulings of the court are "the basis for appeal, not recusal." *In re Focus Media, Inc*., 378 F.3d 916, 930 (9th Cir. 2004). The only exception is where the Court's substantive rulings were products of deep-seated favoritism or antagonism that made fair judgment impossible." *Id*. (internal citation and punctuation omitted).

Here, Plaintiff articulates his reasons for recusal as follows: "Plaintiff's last experience with this Court ended where summary judgment was granted because of Plaintiff's inability to present matters to the Court appropriately," and "Plaintiff believes the matter before the court needs to be addressed for the betterment of society and to ensure people with sex offenses get rehabilitation and not just warehoused away from society and disregarded." (Dkt. 9, p. 3.)

These reasons clearly do not meet the standards for recusal set forth above. Simply because Plaintiff lost another case before this Court is not a matter for recusal— especially without any facts whatsoever to show why the case had the particular outcome

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

it did. Neither does Plaintiff set forth any support for his position that the magistrate judges in this court would apply the law to the facts any differently from this Court. The motion will be denied.

## REVIEW OF COMPLAINT

1. **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2. **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability,"

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### 3. Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC). The IDOC website shows that Plaintiff is 59 years old, and that he is serving a sentence for forgery. He is parole-eligible on March 27, 2020, and his full-term sentence satisfaction date is March 26, 2027.[1]

Attempting to prepare for his anticipated parole, Plaintiff asked the IDOC to transfer him to a community re-entry center (CRC) or work release program (WRP). On or about April 16, 2019, Defendants refused to grant him approval to be transferred because his record reflects that he was convicted of a sex offense 38 years ago. Defendants told Plaintiff that he must be within 18 months of a tentative parole date or a sentence satisfaction date before he potentially can be eligible for an Off Compound Approval (OCR). (Dkt. 3-1, p.1.) It appears that he is within that time frame, but the old sex offense is preventing him from the transfer options he desires. For simplicity's sake,

---

[1] See https://www.idoc.idaho.gov/content/prisons/offender_search/detail/17849?last_page=.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

in this Order the Court will refer to all of these programs collectively as "community release programs."

Plaintiff alleges that Defendants' policies, procedures, and placement matrices used to screen prisoners for parole are prejudicial to him and have caused him injury, including suffering from suicide ideation, depression, anxiety, and post-traumatic stress disorder. He asserts that an unbiased review should be afforded every sex offender in an individualized manner, allowing them to present facts about the age of the sex offense, institutional behavior, and parole behavior. He argues that the current "blanket" policies prevent sex offenders from interacting with "a normal and positive community" and instead keep sex offenders in prison where they "are required to survive every day with negative comments about being a sex offender or how sex offenders should be dead." (Dkt. 3, pp. 4-5.) He brings his claims under the Eighth Amendment Cruel and Unusual Punishment Clause and the Fourteenth Amendment Due Process Clause and Equal Protection Clause. He also alleges that the policies violate the Idaho Constitution and Idaho statutes.

4. Discussion

    A. *Eighth Amendment*

Plaintiff's Eighth Amendment claim is unclear. Prisoner conditions-of-confinement claims are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

*Estelle v. Gamble,* 429 U.S. 97, 102 (1976). While conditions of confinement may be harsh and restrictive without being a violation of the Eighth Amendment, they cross the line of acceptability when they (1) involve "the wanton and unnecessary infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs, or (4) deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Plaintiff's allegations that conditions are better in the community than they are in prison does not state a cruel and unusual punishment claim because the allegations do not rise to the level of the four categories of claims explained in *Estelle v. Gamble*. If Plaintiff's general conditions of confinement in his current facility—regardless of his assertion that he should be placed in a community release program—are below constitutional standards, he is entitled to file a grievance and a court complaint, if necessary, to remedy such conditions. Or, if Plaintiff is not being treated for his mental health conditions resulting from the difficulties he faces in prison, such failures can amount to an Eighth Amendment violation.

There is no constitutional right to rehabilitation. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (no right to a particular security classification or to prison rehabilitative services); *Bauman v. Arizona Dep't of Corrections*, 754 F.2d 841, 844 (9th Cir. 1985) (no constitutional right to work furlough classification); *Hoptowit v.*

*Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no general right to rehabilitation).[2]

While Plaintiff's suggestions make sense—that prison officials would want prisoners to be rehabilitated in the most positive, productive environment available to them—it also makes sense that prison officials want to be very careful about which prisoners they release, and how and when they release them. Plaintiff may amend his Complaint if he believes he has additional facts that would state a claim.

### B. *Fourteenth Amendment Due Process*

The Due Process Clause prohibits state action that deprives a person of life, liberty, or property without due process of law. A person cannot obtain relief on a due process claim unless he demonstrates that he was deprived of one of these protected interests. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989). As to release on parole, the United States Supreme Court has held that there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," and states have no duty to establish a parole system." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Therefore, an inmate may challenge a decision to deny parole as violative of procedural due process only when there is a *state-created* liberty interest in parole. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam). If a state statute governing parole "contains mandatory language and imposes substantive limitations on the

---

[2] *Hoptowit* was abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995) (setting forth due process liberty interest test).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

discretion of those making the parole decision," then an inmate has a state-created liberty interest in parole and may bring a procedural due process challenge to a parole decision. *Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010).

Here, Plaintiff cannot proceed on a due process claim related to his eligibility for parole unless Plaintiff can show that he has a liberty interest in being released on parole. Federal courts are required to look to decisions of the highest state court to determine whether there is a state-created liberty interest in parole arising from state statutes. *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006) ("a State's highest court is the final judicial arbiter of the meaning of state statutes").[3] In *Banks v. State of Idaho*, 920 P.2d 905 (Idaho 1996), the Idaho Supreme Court addressed the liberty interest question. The court relied on the Idaho sentencing statute, I.C. § 19-2513, which uses the nonmandatory words "[t]he offender may be considered for parole or discharge at any time during the indeterminate period of the sentence." The *Banks* court held that, as a result of the statute's language, in Idaho "parole is not an automatic right or liberty interest." *Id*. at 908.

The *Banks* court acknowledged the existence of I.C. § 20-223, which governs parole commission decisions and contains the phrase "a parole *shall* be ordered when"

---

[3] *Sass* was overruled on other grounds by *Hayward v. Marshall*, 603 F.3d. 546 (9th Cir. 2010) (en banc) (any right to release on parole arose from state law, and did not arise from federal constitution), which itself was overruled by implication in *Swarthout v. Cooke*, 131 S.Ct. 859 (2011) ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement. The liberty interest at issue here is the interest in receiving parole when the California standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest are those set forth in *Greenholtz* [*v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 12 (1979).]").

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

(emphasis added). However, the court did not find the statute's "shall" language controlling in the liberty interest analysis. Rather, the court relied on I.C. § 19-2513, which governs sentencing. That statute does not contain mandatory language, but it instead states that "[t]he offender *may* be considered for parole or discharged at any time during the indeterminate part of the sentence."

Unless the Idaho Supreme Court reconsiders its decision that there is no liberty interest arising from the sentencing and parole statutes, the federal courts are bound by the Idaho Supreme Court's interpretation. Therefore, Plaintiff has failed to state a federal claim upon which relief can be granted on his due process theory.

Facing a similar claim in *Lerma v. Lewis*, 921 F. Supp. 2d 949 (N.D. Cal. 2013), the United States District Court for the Northern District of California considered a claim that failing to provide individualized consideration of a prisoner's suitability for parole violated due process. The district court dismissed the due process claim, concluding that *Swarthout v. Cooke* precluded such a claim, because that case clarified that, in the context of parole, Due Process Clause protections are minimal—"an opportunity to be heard" and "a statement of the reasons why parole was denied. *Id*. at 958. The "Constitution ... does not require more." *Id*.

Here, Plaintiff is not even contesting parole eligibility or parole denial, but eligibility to be placed in a less-restrictive facility, for which there is no constitutional right. Plaintiff also has no liberty interest in being classified at a particular level or particular institution within the prison system. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoners generally have no constitutionally-protected liberty interest in

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

being held at, or remaining at, a given facility); *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985).

      C.      ***Fourteenth Amendment Equal Protection***

Plaintiff also alleges that he suffered from unconstitutional discrimination when Defendants decided to treat all prisoners convicted of sex offenses the same, regardless of whether the sex offense was recent or very old. An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class. *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). However, the category consisting of sex offenders is not a protected class. *See United States v. LeMay*, 260 F.3d 1018, 1030 (9th Cir. 2001).

Turning to other ways that Plaintiff might be able to state an equal protection claim—such as the rational basis test for non-protected class members—the Court finds that several courts have addressed similar claims. In *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999), the alien prisoner-plaintiffs argued that equal protection principles were violated when prisoners with detainers could not become eligible for a sentence reduction program because they could not participate in community-based treatment programs (a requirement of eligibility) *and* they were categorically excluded from the sentence reduction program. *Id*. at 1180. The court concluded that the prisoners "fail[ed] to show that the detainer exclusion, either on its face or in the manner of enforcement, result[ed] in aliens as a group being treated differently from other persons based on their membership in the class of incarcerated aliens." *Id*. at 1185. Rather, the court determined

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**

that the statute at issue classified prisoners as those who had detainers lodged against them, and those who do not, and that there was a rational basis (increased flight risk) for the difference in treatment. *Id*. at 1185-86.

In *Lizarraga-Lopez v. United States,* 89 F.Supp. 2d 1166, 1170 (S.D. Cal. 2000), where non-citizen inmates were not permitted to take part in home or community confinement programs, the court concluded that, under an equal protection analysis, legitimate policy interests provided adequate grounds to uphold differential treatment. That court reasoned: "the United States has no policy interest whatsoever in facilitating the re-introduction of non-citizen convicts into foreign communities." *Id*. at 169. *Accord, Santos v. United States*, 940 F.Supp. 275 (D. Hawaii 1996) (deportable aliens are not similarly situated to United States citizens); *Jimenez v. Coughlin*, 117 A.D.2d 1 (N.Y. App. Div. 1986).

On the merits review of the equal protection claim about blanket parole denial policies in *Lerma v. Lewis*, 2014 WL 4416006 (N.D. Ca. 2014), discussed above, the petitioner argued that he did not receive individualized consideration for parole, because the Board had an "underground" policy of uniformly denying parole to all inmates placed in segregation as validated prison gang members. *Id*. at *2-4. Based on this alleged no-parole policy, petitioner argued that his equal protection rights have been violated. The federal district court rejected that claim:

> Petitioner's claim that the BPH did not give him individualized consideration must be rejected because he has not shown there to be any clearly established Supreme Court authority requiring such treatment in the parole context. The Supreme Court has never "squarely addressed" an inmate's

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 11**

> equal protection rights in the parole context. *Wright,* 553 U.S. at 125. Thus, the state court's rejection of his equal protection claim cannot be said to be contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.

*Id.* at *3. Though Mr. Lerma's case was brought in habeas corpus, the outcome in civil rights is similar, because there is no law supporting Petitioner's claims.

Plaintiff is not a member of a suspect class subject to strict scrutiny, and thus must show that there is not a rational basis upon which Defendants rely to deny prisoners with a sex offense in their background—even a crime that is 38 years old—the opportunity to participate in the community release programs. Because Plaintiff does not have access to this information, the Court will order the Defendant to file a *Martinez* report that affirms or denies that IDOC has a policy that no sex offenders can participate in community release programs, and, if so, sets forth the rational basis for the policy.

In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the trial court ordered (before answer) that the prison officials conduct an investigation of the incident to include an interrogation of those concerned, and file a report with the court, to enable the court to decide the jurisdictional issues and make a determination under section 1915(a). *Id.* at 319. The Ninth Circuit approved of the use of *Martinez* reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008).

The *Martinez* report shall be filed within 60 days after Plaintiff files an amended complaint, and is not required if Plaintiff does not file a timely amended complaint. All relevant exhibits addressing these issues should be attached to the report. Thereafter, the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 12**

Court will issue a successive review order determining whether Plaintiff will be permitted to proceed.

If there is no blanket policy to deny all sex offenders the opportunity to participate in community release programs, and Plaintiff has been denied the opportunity to participate in the community release programs for an individualized reason, then Plaintiff has no viable equal protection claim.

### D. *Conclusion and Standards for Amended Complaint*

Plaintiff has failed to state a federal claim in his Complaint. The Court will permit him to filed an amended complaint if he believes he has additional facts to support any of his claims. Because he has failed to state a federal claim, he cannot proceed in federal court upon any of his supplemental state law claims.

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions

devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of a cruel and unusual punishment or due process claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 14**

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court. If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice.

## PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER

Plaintiff has also requested a temporary restraining order (TRO). Both a TRO and a preliminary injunction are designed to preserve the status quo pending the ultimate outcome of litigation. They are governed by Federal Rule of Civil Procedure 65(b), which requires the moving party to bring forward "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition."

Issuance of a preliminary injunction is appropriate where a plaintiff can show that (1) there are "serious questions going to the merits," (2) there is a "a balance of hardships that tips sharply towards the plaintiff," (3) "there is a likelihood of irreparable injury," and (4) "the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiff asserts that, when he violated his parole in 2009, then-current IDOC Director Brent Reinke granted Plaintiff's Grievance, agreeing that the very old sex offense on Plaintiff's criminal record should not be considered. Reinke wrote: "You will not be placed on a sex offender caseload and will not be assessed with sex offender assessments. Your prior sex offense crime is too old to accurately evaluate with new assessments." (Dkt. 4, p. 3.) Plaintiff reports that current IDOC officials, however, will not honor former Director Reinke's Grievance response.

There is nothing in the Constitution, or, for that matter, in the law, that requires one set of officials to come to the same conclusion regarding parole requirements that a prior official decided in a prison administrative grievance matter. A response to a grievance is not a contract for which consideration was given; neither is it a court order. Nor has Plaintiff set forth an argument that he detrimentally relied on Reinke's opinion and changed his position or actions. This Court has no legal basis to enforce a past prison official's grievance response against current prison officials. There is no legal basis to grant an injunction in Plaintiff's favor—both because the Complaint fails to state a claim and because the subject matter of the TRO is not enforceable. Therefore, Plaintiff's motion will be denied.

## ORDER

**IT IS ORDERED:**

1. Plaintiff has **28 days** within which to file a "First Amended Complaint," together with a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, this case will be dismissed without further

notice.

2. If Plaintiff files a timely amended complaint, the Clerk of Court shall serve, via the ECF system, a copy of this Order and the amended complaint on the following counsel on behalf of Defendants: **Mark Kubinski**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

3. The Clerk need not send a waiver of service of summons at this time, because the case remains in screening status.

4. Counsel for Defendants are requested to make a limited appearance for the purpose of providing a *Martinez* report, supported by any prison records relevant to the claims and issues set forth above. The *Martinez* report should be filed within **60 days** after entry of this Order.

5. The *Martinez* report does not need to be in any particular format, but counsel can present the report in any organized manner that makes sense in response to the allegations of the Complaint and this Order. Exhibits that implicate privacy or security concerns may be filed under seal or in camera, as may be appropriate. Exhibits filed in camera must be accompanied by a privilege or security log that is provided to Plaintiff.

6. Plaintiff may file a response of no more than ten pages to the *Martinez* report within **28 days** after the report is filed.

7. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. The Court will reconsider appointment after

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 17**

it reviews Plaintiff's amended complaint and Defendants' *Martinez* report.

8.  Plaintiff's Motion for Temporary Restraining Order (Dkt. 4) is DENIED.

9.  Plaintiff's Motion to Add Missing Respondents (Dkt. 8) is GRANTED only to the extent that Plaintiff may add them to an amended complaint.

10. Plaintiff's Motion to Request the Honorable Court to Recuse Itself (Dkt. 9) is DENIED.

DATED: October 30, 2019

_____
B. Lynn Winmill
U.S. District Court Judge